UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

      :

SFM Realty Corp.,      :

      :   Case No.: 20-cv-00209

      :

      Plaintiff,      :   **CONFIDENTIALITY**

   v.      :   **STIPULATION AND**

      :   **PROTECTIVE ORDER**

      :

Patricia M. Lemanski      :

      :

      :

      Defendant.      :

------------------------------------------------------------------ X

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing this action, it is therefore hereby

ORDERED that any person subject to this Order - including without limitation the parties to this action, their representatives, agents, experts and consultants and third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

1.    This Stipulation and Order is entered to facilitate the production, exchange and discovery of documents or testimony that merit confidential treatment.

2.    When used in this Order, the term:

(a)    "Confidential Information" shall mean all Documents and testimony designated as confidential, if such Documents and testimony (i) contain trade

secrets, proprietary business information, competitively sensitive information or other information the disclosure of which, in the good faith judgment of the party or non-party designating the material as confidential, would be detrimental to that party's or non-party's business or the business of any of that party or non-party's affiliates, tenants or countersignee of such documents to be disclosed; (ii) contain personal information about that party or non-party that the party believes would cause it harm or embarrassment if filed on the public docket. The parties agree to confer with their adversaries if there is a question about whether information qualifies as Confidential under paragraph (ii) herein.

(b)     "Discovery Material" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, maintained or produced, including all material seized by Plaintiff on January 10 and 11, 2020.

(c)     "Document" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c)(2) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

(d)     "Information" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete

files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(e) "Disclosing Party" shall refer to any party or non-party disclosing or producing Confidential Information in connection with this Action.

(f) "Receiving Party" shall refer to any party or non-party that receives Confidential Information in connection with this Action.

3. A Disclosing Party may designate documents produced, or testimony given in connection with this action as "Confidential" or "Confidential – Attorneys Eyes Only" either by notation on the document, statement on the record or by other means sufficient to put the Receiving Party on notice of the status of such documents produced or testimony given as Confidential Information.

4. Any person subject to this Order who receives from any other person material that is designated as "Confidential" or "Confidential-Attorneys Eyes Only" pursuant to the terms of this Order shall not disclose such "Confidential" or "Confidential-Attorneys Eyes Only" material to anyone else except as expressly permitted hereunder.

5. Any party, non-party or its counsel may designate all or portions of a deposition transcript and/or exhibits introduced during the deposition as Confidential or Confidential-Attorneys Eyes Only if the testimony or exhibit otherwise meets the requirements of Paragraph 2 herein.

6. A party or non-party who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously

been designated as Confidential or Confidential-Attorneys Eyes Only or, (ii) any pleading, brief or memorandum which reproduces or discloses Confidential Documents or Information shall file the document, pleading, brief or memorandum on the ECF system in redacted form (the "Redacted Filing"), or as otherwise required by the Individual Rules of Practice of the assigned judge. The parties will use their best efforts to minimize such sealing and provide courtesy copies to their adversaries at the time of filing of non-redacted versions.

7.     If at any time prior to the trial of this action, a producing party realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential-Attorneys Eyes Only, it may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Confidential-Attorneys Eyes Only under the terms of this Order, without prejudice to the right of any party to later move the Court to downgrade such designation.

8.     No person subject to this Order other than the Disclosing Party shall disclose any of the Documents and Information designated as Confidential or Confidential-Attorneys Eyes Only to any other person whomsoever, except to:

   a.     the parties to this action (except for material designated as Confidential-Attorneys Eyes Only);

   b.     counsel retained specifically for this action, whose representation nhas been disclosed to the other party ("Counsel"), in writing, and any paralegal, clerical and other assistant employed by Counsel and only on a need to know basis

and only after they have executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

      c.      any witness who counsel for a party in good faith believes may be called to testify at a hearing, trial or deposition in this action about the document and who is also an author, recipient or copy recipient on the document, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto (but not material designated as Confidential-Attorneys Eyes Only);

      d.      employees of FTI Consulting Technology LLC and any forensic and/or e-discovery vendor hired by Defendant in this action, whose names are disclosed beforehand to all parties;

      e.      any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f.      stenographers engaged to transcribe depositions conducted in this action; and

      g.      the Court and its support personnel, including Court reporters.

9.      Prior to any disclosure of any Documents and Information designated as Confidential or Confidential-Attorneys Eyes Only to any person referred to in subparagraphs 8(d), (e) and (f) above, such person shall be provided by counsel with a copy of this Stipulation and Protective Order and shall sign a Non-Disclosure Agreement

in the form annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to Opposing counsel or counsel for any non-party upon request.

10.     All documents and information attached to the e-mails annexed as Exhibit A to Lonica Smith's Affidavit, sworn to on January 9, 2020, shall be designed "Confidential – Attorneys Eyes Only," subject to the right of any party to seek the Court's permission to downgrade that designation to Confidential or to have no confidentiality designation at all.

11.     All Documents and Information located as a result of a forensic examination of Defendant's personal electronic devices, e-mail accounts website, hosting vendors, cloud data storage accounts and/or servers, or data collected by Plaintiff on January 10 and 11, 2020 shall be designated "Confidential-Attorneys Eyes Only," subject to the right of any party to later seek the Court's permission to downgrade that designation to Confidential or to have no confidentiality designation at all.

12.     In the event that Defendant produces, or is otherwise in possession of, Documents or Information that Plaintiff believes constitute Plaintiff's property or its confidential and trade secret information, Plaintiff has the right to designate such Documents and Information as "Confidential" or "Confidential – Attorneys Eyes Only", subject to the right of any party to seek the Court's permission to downgrade that designation to Confidential or to have no confidentiality designation at all.   In such instance, Plaintiff is not subject to the limitations set forth in paragraph 9.

13.     In the event that Plaintiff is in possession of information that Defendant believes is personal information irrelevant to this action, either taken by Plaintiff during collections on January 10 and 11, 2020 or otherwise, Defendant has the right to prevent Plaintiff from publicly filing such documents or otherwise using them in this litigation.

14.     Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel a written notice stating with particularity the grounds of the objection. If agreement cannot be reached within two (2) business days , counting the day notice is provided as day one, counsel for the party objecting to the designation of confidentiality may, subject to the Court's Individual Rules of Practice in Civil Cases, move to strike the confidentiality designation or downgrade the designation of Confidential – Attorneys Eyes Only, to Confidential, or from Confidential to having no confidentiality designation.  Any party's failure to challenge a designation shall not be construed as an agreement or admission that such material is actually Confidential or merits a Confidential or Attorneys Eyes Only designation.

15.     Each person who has access to Discovery Material that has been designated as Confidential or Confidential – Attorneys Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     If, in connection with this litigation, a party or non-party inadvertently discloses information that they later believe warrants attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosing party shall, after a meet and confer with its adversary, move within five (5) business days counting the date the claim is first made as day one, for the return, sequestering or

destruction of all copies of the Inadvertently Disclosed Information, including all copies, notes and other materials derived from such Inadvertently Disclosed Information. During the meet and confer preceding any motion related to the dispute, the disclosing party must state all bases in law and fact for the claim of privilege that it intends to assert in its motion, which motion shall be filed under seal.

17.     At the same time as it delivers the notification that such Inadvertently Disclosed Information has been disclosed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information and if only a portion of the document is privileged, a redacted version of the document with the same bates number as the original with an A at the end of the bates number. For example, DOC 0001 would be stamped as DOC 0001A.

18.     Nothing in the aforementioned paragraphs shall prevent the Receiving Party from moving the Court at any time for an Order compelling production of the Inadvertently Disclosed Information for use in this action to support a party's claims or defenses in this action, which motion shall be filed under seal.

19.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

20.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as Confidential or Confidential – Attorneys Eyes Only, and all copies thereof received by

Receiving Party, shall be returned to the Disclosing Party or destroyed, and a written certification of the same provided to all parties in this Action.

21. The parties may amend or modify the terms herein, in writing only, and So Ordered by the Court.

22. Third parties disclosing information in this Action must sign on to this Protective Order so that they receive timely notices related to this Order and so that counsel for the parties have the correct contact information for such third parties.

23. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

Dated: New York, New York
        January 18, 2020

| | |
|---|---|
| **FREEBORN & PETERS, LLP** | **GIBBONS P.C.** |

By: /s/ Kathryn T. Lundy                    By: /s/ Wendy R. Stein
    Marc B. Zimmerman                           Wendy R. Stein
    Kathryn T. Lundy                            Jean E. Dassie
230 Park Avenue, Suite 630                  One Pennsylvania Plaza
New York, New York 10169                    37th Floor
(212) 218-8760                              New York, New York 10119
*Attorneys for Plaintiff*                   (212) 613-2043
                                             *Attorneys for Defendant*

**SO ORDERED:**

_____
Hon. Katherine Polk Failla, U.S.D.J
Dated: January 21, 2020
        New York, New York

The Court endorses this Protective Order with the provisos that it is not binding on the Court or its staff, and that the Court retains jurisdiction to enforce the agreement throughout the pendency of this action.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                :

SFM Realty Corp.                                   :

                                                :   Case No.: 20-cv-00209

                                                :

                        Plaintiff,         :   **NON-DISCLOSURE**
          v.                                 :   **AGREEMENT**

                                                :

                                              :

Patricia M. Lemanski                       :

                                              :

                                              :

                      Defendant.      :
------------------------------------------------------------------ X

     I, _____ , acknowledge that I have read and understand the

Protective Order in this action. I agree that I will not disclose anything marked

Confidential in this action to anyone outside this litigation and that at the conclusion of the

litigation I will return all discovery information to the party or attorney from whom I

received it or destroy it and certify the same in writing to the attorney from whom I

received it.

     By acknowledging these obligations under the Protective Order, I understand that I

am submitting myself to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of any issue or dispute arising hereunder

and that my willful violation of any term of the Protective Order could subject me to

punishment for contempt of Court.

Dated:
_____