

KATHRYN T. LUNDY
Partner

Freeborn & Peters LLP
*Attorneys at Law*
The Helmsley Building
230 Park Avenue, Suite 630
New York, NY 10169

(646) 993-4434 direct
(212) 218-8761 fax

klundy@freeborn.com

www.freeborn.com

April 6, 2020

**Via ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: **SFM Realty Corp. v. Lemanski, 20-cv-00209 (KPF)**
**Request to File Opposition to Motion for Sanctions Under Seal**

Dear Judge Failla:

On behalf of SFM Realty Corp. and its counsel, and pursuant to Rule 9(A) of Your Honor's Individual Rules of Practice, we respectfully request permission to file under seal opposition to Defendant Patricia M. Lemanski's ("Defendant") motion for sanctions dated March 13, 2010 (the "Motion").

Prior to filing the Motion, Defendant requested, and on March 9, 2020 the Court granted, permission to file the Motion under seal. *See* ECF Doc. No. 62. Specifically, the March 9, 2020 Order directed Defendant to follow the operative procedures for filing sealed documents in civil cases and further ordered that the contemplated submissions in support of the Motion be filed so that they may be viewed by the parties only. *Id.*

Defendant's motion for sanctions makes reference to and incorporates information and documents which SFM Realty Corp. maintains are confidential and trade secret information and which are subject to a January 21, 2020 Confidentiality Stipulation and Protective Order. Likewise, the referenced and incorporated transcripts are sealed. SFM Realty Corp. and its counsel's opposition will also reference, incorporate and discuss the foregoing information, documents and transcripts that, if publicly disclosed, would harm SFM Realty Corp. Indeed, the harm SFM Realty Corp. will suffer as a result of disclosure outweighs the public interest in accessing the information. *See Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial."); *In re New York Times Co.*, 577 F.3d 401, 410 n.4 (2d Cir. 2009) (in dictum) ("when litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."); *see also Gosmile, Inc. v. Dr. Jonathan Levine,*



*D.M.D. P.C.,* 2012 WL 1382557 at *1 (S.D.N.Y. 2012); *Ferring B.V. v. Allergan, Inc.,* 2017 WL 4083579 at *6 (S.D.N.Y. 2017).

      Accordingly, and consistent with the Court's March 9, 2020 Order concerning Defendant's Motion, we respectfully request an Order permitting opposition to the Motion be filed pursuant to the operative procedures for filings sealed document in civil cases so that the submissions may be viewed by the parties only.

      Respectfully submitted,

      */s/ Kathryn T. Lundy*

      Kathryn T. Lundy

cc: All Counsel (by ECF)

```
Application GRANTED.  Plaintiff and its counsel may file their opposing
papers under seal, such that they are visible to the Court and parties
only.

Dated:    April 6, 2020          SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE