

# DUNNINGTON
## BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | SBlaustein@dunnington.com

January 15, 2021

**VIA ECF AND E-MAIL**
Hon. Katherine Polk Failla
United States Courthouse
40 Foley Square
New York, NY 10007
*failla_nysdchambers@nysd.uscourts.gov*

COURTESY COPY



Re:   *SFM Realty Corp. v. Patrica Lemanski*, 20-CV-00209-KPF

**Letter Motion For Modification Of Protective Order To Stay Return Or Destruction Of Confidential/Attorneys Eyes Only Documents Scheduled For February 3, 2021**

Dear Judge Failla,

We represent Defendant Patricia Lemanski ("Lemanski") in her role as plaintiff in a recently filed action in the Supreme Court of the State of New York, County of New York, captioned *Lemanski v. SFM Realty Corp. et. al.* (N.Y. Co. Index No. 150261/21) ("State Action"). We write in accordance with Section 2(C) of Your Honor's Individual Practices to request that the Court authorize counsel for Lemanski in this action ("209 Federal Action") to comply with the subpoenas attached as **Exhibit A** ("Subpoenas") which we intend to serve in the State Action. The Subpoenas call for the production of all documents generated in connection with this case, including those designated as Confidential or Confidential – Attorneys Eyes Only by Plaintiff SFM Realty Corp.'s ("SFM") under the January 21, 2020 Protective Order (ECF 30).

Paragraph 20 of the Protective Order requires a Receiving Party (Lemanski's counsel in the 209 Federal Action) to return or destroy all Confidential or Confidential – Attorneys Eyes Only documents within thirty (30) days of the final disposition of this action. On January 4, 2021, this Court issued an Order on Lemanski's post-dismissal motion for sanctions which would require the return or destruction of Confidential documents on or by February 3, 2021. (ECF 55). Paragraph 23 of the Protective Order provides that the "Court shall retain jurisdiction over all persons subject to this Order" including Lemanski and SFM. We are seeking relief promptly from the Court to avoid the need for unnecessary motion practice and potentially inconsistent results.

The State Action asserts, among other things, that SFM wrongfully filed and prosecuted the 209 Federal Action. We therefore request that counsel for Lemanski in the 209 Federal Action be authorized to comply with the attached Subpoenas and transmit Confidential or Confidential – Attorneys Eyes Only documents to my firm pending any motion practice vis-à-vis the Subpoenas. In the alternative, we respectfully request a limited stay of the February 3 deadline for destruction in the Protective Order in order to permit briefing in connection with a motion to modify the Protective Order.

Hon. Katherine Polk Failla  
January 15, 2021  
Page 2



  The Subpoenas call for the production of documents that we believe are material and necessary to prosecute the State Action. As set forth above, the Court continues to retain jurisdiction over the Protective Order and Lemanski will suffer prejudice in the State Action if the documents from the 209 Federal Action are not available to her in and destroyed pursuant to the Protective Order. Conversely, SFM will suffer no prejudice as (1) the documents will likely be required in the State Action and (2) any challenge to the Subpoenas can be timely addressed to the Court.

  The Court continues to maintain jurisdiction over the Protective Order even after SFM's voluntary dismissal of the case. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (affirming unsealing order after stipulated dismissal). The Court may issue a preservation order pending a final determination as to whether Lemanski can obtain documents for use in the State Action. *Lunkes v. Yannai*, 882 F. Supp. 2d 545, 551 (S.D.N.Y. 2012).

  The Protective Order was issued as a result of a stipulation and no "good cause" was ever shown concerning the confidentiality designations in issue. *Charter Oak Fire Ins. Co. v. Electrolux Home Prod., Inc.,* 287 F.R.D. 130, 132 (E.D.N.Y. 2012)(a party "cannot rely on the Protective Order as a means of protecting discovery that would otherwise be discoverable in the related actions"). Further, the Protective Order does not include any specific language barring the use of Confidential Information in any related or subsequent litigation. *Wolters Kluwer Fin. Servs. Inc. v. Scivantage,* No. 07 CV 2352 (HB), 2007 WL 1498114, at *7 (S.D.N.Y. May 23, 2007). As the 209 Federal Action was voluntarily dismissed and the State Action raises abuse of process and malicious prosecution claims relating to that action, the Confidential Information should be preserved and provided to Lemanski's counsel in the State Action.

  The Confidential Information is likely to be highly relevant to the State Action. Accordingly, the Court should stay the return or destruction of Confidential Information and direct that it be transmitted to Lemanski's counsel in the State Action in compliance with the subpoena attached. Copies of the documents filed in the State Action can be provided to the Court on request.[1] I am available for a conference with the Court if necessary.

               Respectfully submitted.

               /s/ Samuel A. Blaustein

Cc: All Counsel (Via ECF)

---

[1] All of the State Action filings can be accessed at the following link: https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=NyxKfkhmqUn_PLUS_cbq34VOF8g==&display=all

The Court is in receipt of Mr. Blaustein's request that the Court authorize Defendant's counsel in this action to comply with the proposed subpoenas.  The parties in this action are directed to submit letters regarding their positions on Mr. Blaustein's application on or before January 29, 2021.  Moreover, Mr. Blaustein's request for a temporary stay of the deadline for destruction of Confidential Documents is GRANTED.  The stay will remain in effect until the Court issues a decision as to whether to authorize counsel's compliance with the subpoenas.

Dated:     January 15, 2021            SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE